SAMUEL MILLS *v.* WILLIAM R. EARLY.

**Sale of Land—Description—Judgment.**

Land sought to be subjected to sale to satisfy a debt must be described in the petition so that the commissioner to make sale can identify the land from an examination of the petition and papers in the suit. A judgment for plaintiff on such a defective petition will be reversed.

APPEAL FROM OHIO CIRCUIT COURT.

October 2, 1874.

OPINION BY JUDGE PETERS:

The land sought to be subjected to sale to satisfy appellee's debt is not sufficiently identified by the description given in the petition. It is represented in the petition as "Beginning at a point on the north fork of Adam's fork of Rough creek in Ohio county, being on the east side of the north fork and the south half of 354 acres of land conveyed to William B. Early by deed dated March 19, 1870, recorded," etc., to which reference is made in the petition; but that deed is not filed as an exhibit. The clerk states there is no such deed in the papers. It is alleged that by the terms of the conveyance to defendant, a lien was retained for the unpaid purchase money, and a deed from Early to appellant is copied in the record, but it is not made a part of the petition, nor is it alleged that appellant accepted it. Said deed was made a part of the answer which appellant filed in the case, but appellee demurred to that answer, and his demurrer was sustained, so that it is not to be considered. The judgment directs the master to sell the land in the petition mentioned, or so much thereof as may be necessary, etc., which requires the commissioner to determine judicially, by going to the clerk's office and hunting the title papers, what land he must sell. This power the court cannot confer on him.

The judgment should have contained such a description of the land as would have informed the commissioner of the precise tract or parcel of land he was required to sell, without reference to any evidence of title not in the papers of the suit, imposing on him no other duty than to sell the land specifically set forth in the judgment. This question has been repeatedly decided by this court heretofore.

Wherefore the judgment is *reversed* and the cause is remanded with directions for further proceedings consistent herewith.

*Massie & Chapeze, for appellant.*

*Sweeney & Ellis, for appellee.*